OPINION
Appellant, Clinton County Children Services, appeals a determination of the Clinton County Court of Common Pleas, Juvenile Division, that appellant did not meet its burden to establish Anthony D. Stewart is an abused and/or dependent child.
Anthony Dru Stewart ("Dru") is the minor child of Arica Green ("Green") and Anthony Stewart ("Stewart"). Dru was born on January 21, 1999. Green noticed Dru was fussy when she picked him up from Stewart's house on March 18, 1999. She took Dru to the Clinton County Hospital emergency room on March 22 and was told he had a cold and was colicky. When Dru continued to be fussy, Green took him to her pediatrician and was told Dru was sore under the arms from being picked up so much. Dru continued to be fussy and on April 8, 1999, Green took him to Children's Hospital in Cincinnati where it was discovered that he had four healing rib fractures. On April 14, 1999, appellant filed a complaint alleging that Dru was an abused and/or dependent child. Emergency custody was granted to appellant on that date.
The trial court held an adjudicatory hearing on June 24, 1999 and July 8, 1999. Appellant presented three witnesses. The first witness was Katherine Gouldin, a physician who specializes in child abuse cases. She testified that she was contacted by a social worker at the hospital to examine Dru. Dr. Gouldin stated that she examined the child, reviewed medical reports including x-rays, and spoke with Green at the hospital. Dr. Gouldin testified that she found no history to explain the rib fractures and, in her medical opinion, the injury was a result of child abuse. She also indicated that the most common cause of broken ribs in infants is shaking and squeezing. Dr. Gouldin's testimony was that the rib fractures would be consistent with shaken baby syndrome. She further testified that she could not state with a reasonable degree of medical certainty that the injuries were a result of shaken baby syndrome because none of the other signs of that condition, such as brain damage, were found on examination. Dr. Gouldin testified that the fractured ribs were the only indication of child abuse that she found and that the fractures were probably the result of a single incident.
Next, Doug Estes, an intake worker at Clinton County Children Services, testified regarding his investigation into the allegations of abuse and neglect. Estes testified that he interviewed the individuals who had access to Dru and he reviewed the medical records. Estes stated that his investigation did not uncover any specific incidents that could have caused the injuries. Estes testified that Green asked him if the injuries could have been caused by her in an accidental manner. Green described tripping and falling with Dru in her arms, holding Dru near the jets in a hot tub, and an instance where Dru fell from his car seat. Estes stated that Green questioned whether the injuries could have occurred in one of these instances. Dr. Gouldin stated that she did not believe the injuries were consistent with any of these accounts.
The final witness, Christopher Lester, a deputy sheriff with Clinton County, testified regarding his investigation into possible criminal charges. Deputy Lester indicated that no criminal charges were filed as a result of his investigation.
After appellant concluded the presentation of its case, Green moved for a dismissal of the complaint on the grounds that appellant had failed to prove abuse or dependency by clear and convincing evidence. The trial court granted the motion and dismissed the complaint. Appellant requested written findings of fact and conclusions of law and the trial court issued a written decision and entry on July 22, 1999.
Appellant appeals the dismissal of its complaint and raises the following two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN RULING THAT AN ADJUDICATION OF ABUSE CANNOT BE ENTERED IN THE ABSENCE OF A FINDING OF PARENTAL OR CUSTODIAL FAULT, AS THE NATURE OR EXTENT OF PARENTAL OR CUSTODIAL RESPONSIBILITY FOR ABUSE IS PURELY A DISPOSITIONAL MATTER AND NOT AN ISSUE AT ADJUDICATION.
Assignment of Error No. 2:
 THE TRIAL COURT'S FINDING THAT ANTHONY DRU STEWART WAS NOT AN ABUSED OR A DEPENDENT CHILD IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 In the first assignment of error, appellant contends that the trial court erred by considering dispositional matters and by finding that an adjudication of abuse cannot be entered in absence of a finding of parental or custodial fault. Appellant argues that the trial court inserted the issue of parental fault into the adjudicatory phase of the hearing. The trial court stated that numerous family members had contact with the child and that none of the persons who had access to the child had "ever observed any of the others behaving questionably or inappropriately toward the child." Appellant argues that the issue of fault is relevant only in the dispositional stage and the trial court erred by considering this issue during the adjudicatory phase.
Proceedings for child abuse and dependency are bifurcated into separate adjudicatory and dispositional hearings because the issues raised and procedures differ. R.C. 2151.35; Juv.R. 29; Inre Baby Girl Baxter (1985), 17 Ohio St.3d 229, 233. At the adjudicatory stage, the issue is whether there is clear and convincing proof that the child is abused or dependent. If it is determined that the child is an abused or dependent child, the trial court then makes a disposition pursuant to R.C. 2151.353.
A review of the hearing transcript and the trial court's written findings establish that the trial court did not require a finding of parental fault in the adjudicatory stage. The trial court found the only evidence of abuse was the opinion of Dr. Gouldin. The trial court noted that there was no other independent evidence to support Dr. Gouldin's conclusion. At the hearing, the trial court stated "I'm not looking at who did it because we've had cases before where the court has found abuse and yet we've been unable to ever identify the perpetrator." The court continued by stating that there simply was no other evidence to corroborate Dr. Gouldin's opinion.
The trial court's statements regarding the actions of the parents and persons who had access to the child were merely support for the conclusion that no other evidence existed to support the allegations of abuse. These statements were made to establish the lack of evidence supporting the alleged abuse and not as part of a determination of fault. Accordingly, appellant's first assignment of error is without merit.
In the second assignment of error, appellant contends that the trial court's finding is against the manifest weight of the evidence. Appellant argues that it presented clear and convincing evidence that Dru was an abused and dependent child. Appellant argues that no evidence in the record contradicts the testimony of Dr. Gouldin and that neither the mother nor father offered credible explanations for the injury.
Appellant's complaint alleged that Dru was an abused child pursuant to R.C. 2151.031(C). This section defines an abused child as any child who "[e]xhibits evidence of any physical or mental injury or death, inflicted other than by accidental means, or an injury or death which is at variance with the history given of it." Appellant also alleged that Dru was a dependent child pursuant to R.C. 2151.04(C). This section defines a dependent child as any child "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship."
The state has the burden of establishing by clear and convincing evidence that a child is abused or neglected before the court may enter a finding of abuse or dependency under these sections. R.C. 2151.35(A); Juv.R. 29(E)(4). Clear and convincing evidence is that which produces in the mind of the trier of fact a firm belief as to the facts sought to be established. In re:Weaver (1992), 79 Ohio App.3d 59, 64. An appellate court's inquiry is limited to whether sufficient credible evidence exists to support the trial court's determination. In re Overbay (Mar. 3, 1997), Butler App. No. CA96-05-101, unreported.
The trial court stated that while it had no doubt the child had evidence of a physical injury, it was unable to find by clear and convincing evidence that the injury was inflicted by other than accidental means. In the written decision, the trial court stated:
 While Dr. Gouldin believed the injury was almost certainly caused by abuse, the results of careful investigations by both the Sheriff's Department and Children Services are inconclusive about what may have caused the accident or how it occurred. In short, the only evidence of abuse which the Court finds is the opinion of Dr. Gouldin. The Court does not find any other independent evidence to support this conclusion.
 While the Court finds more likely than not that the Child is an abused child, the burden established by law is that it must be proved with greater certainty by clear and convincing evidence. The Court does not find that child abuse has been proven in this case by clear and convincing evidence.
 The trial court concluded the evidence was insufficient to meet appellant's burden of establishing that Dru was an abused child or that Dru was a dependent child and dismissed the complaint.
We have stated that the right to rear a child is an essential and basic civil right and that parents "must be afforded every procedural and substantive protection the law allows." In theMatter of Coffey Children (Jan. 26, 1998), Madison App. No. CA97-05-021, unreported, at 3-4, quoting In re Hayes (1997),79 Ohio St.3d 46, 48. Requiring the state to prove its case by clear and convincing evidence is part of the protection afforded to parents in abuse and dependency cases. In this case, the trial court found the evidence did not rise to that level.
While appellant is correct in its assertion that no evidence was presented at the hearing to contradict Dr. Gouldin's testimony, the trial court found that Dr. Gouldin's testimony, by itself, was insufficient to meet the burden of clear and convincing evidence. The trial court stated that Dr. Gouldin's testimony made it "more likely than not" that Dru was an abused child, but did not rise to the level of "clear and convincing evidence."
We find sufficient credible evidence to support the trial court's determination. The trial court was in the best position to view the witnesses, observe their demeanor, and weigh the credibility of the proffered testimony. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. The trial court was not completely convinced by Dr. Gouldin's testimony alone that the injuries were inflicted by other than accidental means. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, J., concurs.
POWELL, P.J., dissents.